## HEFFNER v CUYAHOGA EQUIPMENT CO.

Ohio Appeals, 8th Dist, Cuyahoga Co.
No. 10622. Decided June 16, 1930

Allison M. Gibbons, Cleveland, for Heffner.

Eugene A. McCabe, Cleveland, for Company.

SHERICK, J. (5th Dist) and MIDDLETON and MAUCK, JJ (4th Dist) sitting.

478

John P. Phillips, Chillicothe, Gordon Phillips, Chillicothe, and Byron Blair, for Counts.

Walter W. Boulger, Chillicothe, Willard C. Walter, Chillicothe, and Knepper & Wilcox, Columbus, for Wortman.

MAUCK, J.

The case is before us upon a very meagre bill of exceptions that in the most general way recites only the tendency of a part of the testimony. It is wholly impossible for us to say, in view of this very abbreviated record, that the trial court with all the testimony before it abused its discretion in refusing the defendant's request to amend. Necessarily the right to amend is one resting within the sound discretion of the trial court. It is only under the most unusual circumstances that a reviewing court can hold that the trial court has erred in its exercise of that discretion. Manifestly where so short a record is presented to the reviewing court as we have in this case it is out of the question for us to give serious consideration to such a claim.

Taking the answer of the defendant as it is, it will be observed that from the language above quoted the defendant pleaded a tender by him of the trucks sold to him and the plaintiff's acceptance of that tender, thereby setting up an independent contract that would wholly have defeated the plaintiff's action upon the notes if sustained by the evidence. The record in this case does not show that that averment was true, nor does it even show that there was any evidence at all tending to sustain the same. The trial court was consequently right in limiting the defendant to such credits as he could show by way of damages within the limits which he had set up as the measure of those damages in his answer, to-wit, the sum of eight hundred dollars. The jury allowed him all he claimed in that respect and he received the utmost relief to which he was entitled under the pleadings so far as this short bill of exceptions discloses.

The judgment is consequently affirmed.
Sherick and Middleton, JJ, concur.